596 January 22, 2026 No. 29

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. W. A.-P.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. P.,
*Appellant.*

Polk County Circuit Court
25JU01824; A188256

Norman R. Hill, Judge.

Submitted December 17, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Kyle Sessions Vazquez, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this juvenile dependency case, mother appeals a judgment asserting dependency jurisdiction over her child, C, who was 9 years old at the time of the jurisdictional trial. In two assignments of error, she challenges the juvenile court's conclusion that her substance abuse impairs her ability to safely parent, as well as the ultimate ruling to assert dependency jurisdiction over C on that basis. We affirm.

We review the juvenile court's legal conclusions for errors of law. *State v. S. T. S.*, 236 Or App 646, 655, 238 P3d 53 (2010). We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). We are bound by the juvenile court's findings of historical fact so long as there is any evidence in the record to support them. *S. T. S.*, 236 Or App at 655.

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, usually and in this case the Oregon Department of Human Services (ODHS), bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances, and a threat of harm to the child of the type, degree, and duration as to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *S. T. S.*, 236 Or App at 654. Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

In this case, the juvenile court asserted dependency jurisdiction over C based on mother's substance abuse.

Mother argues that the court erred in doing so because the evidence was legally insufficient to establish a current and nonspeculative threat of serious loss or injury to C at the time of the jurisdictional trial.

Having reviewed the evidentiary record, we conclude that the evidence was legally sufficient to support dependency jurisdiction. The juvenile court found that mother suffered from a substance use disorder, and that, notwithstanding her engagement with treatment, mother was "still actively using fentanyl and methamphetamine." The juvenile court further found that C "has been exposed to methamphetamine and fentanyl," which created "a non-speculative risk of harm" based on "the nature of the drugs, in particular the fentanyl." There is evidence in the record to support those findings. Mother had consistently engaged with treatment for over two years; however, multiple urinalysis tests showed that mother continued to use methamphetamine and fentanyl, and as recently as the month prior to the jurisdiction trial, mother's urine tested positive for methamphetamine. A hair test revealed that C had been exposed to both methamphetamine and fentanyl, and a pediatrician testified as to the short- and long-term physical and psychological risks associated with such exposure. Because the evidence established that mother's substance use was ongoing at the time of trial and that it exposed C to a nonspeculative risk of harm, the trial court did not err in asserting jurisdiction over C.

Mother's reliance on *Dept. of Human Services v. J. L. D.*, 339 Or App 259, 567 P3d 485 (2025), is unavailing. In that case, ODHS alleged that the father had failed to "maintain a safe environment for the child in that drug paraphernalia and controlled substances were found within the child's reach and the child was exposed to controlled substances[.]" *Id.* at 264. We noted that, in dependency cases, "the alleged and proven jurisdictional basis becomes critical language *** around which the entire juvenile case orbits." *Id.* (internal quotation marks omitted). Focusing on the pertinent jurisdictional allegation, we ultimately concluded that the evidence was insufficient because ODHS had failed to adduce any evidence regarding the current condition

of the child's home environment at the time of trial, even though the evidence showed that the past condition of the home had created a risk of harm from exposure and access to controlled substances. *Id.* at 265-66. By contrast, here, the jurisdictional allegation at issue pertains directly to mother's substance abuse. And as we have explained, the evidence established that mother's substance abuse was ongoing and that her substance abuse created a nonspeculative risk of harm to C in the form of exposure to those substances.

Affirmed.